**SHEARSON HAYDEN STONE, INC., a Delaware Corporation, Plaintiff,**

v.

**LUMBER MERCHANTS, INC., f/k/a Associated Lumber Mills, Inc., a Florida Corporation, Defendant.**

**No. 76–1205–Civ–JLK.**

United States District Court, S. D. Florida, Miami Division.

Dec. 9, 1976.

---

Stanley Arthur Beiley, Miami, Fla., for plaintiff.

Mark Silverstein, Miami Beach, Fla., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STAY

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion to stay proceedings made by defendant on 10–20–76. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be denied.

Plaintiff initiated this action in July, 1976, alleging that defendant, who had a commodity account with plaintiff Shearson Hayden Stone, Inc. ("Shearson"), failed to provide plaintiff with sufficient funds to cover certain purchases and sales in defendant's account, as required by contract. As a result, plaintiff alleged, plaintiff was forced to liquidate defendant's account and absorb a debit balance of some $60,000, which sum is the subject of this action.

Defendant did not answer the complaint but instead filed, in September 1976, a reparations complaint with the Commodity Futures Trading Commission ("CFTC") styled *Lumber Merchants, Inc. v. Shearson Hayden Stone Inc.*, et al., ENF 76–R57. That complaint alleged that Shearson had failed to maintain certain margin requirements established under exchange rules, that in liquidating Lumber Merchant's account, Shearson had caused Lumber Merchants to lose certain profits, and that Shearson had engaged in unauthorized transactions which caused losses to Lumber Merchants.

Defendant then moved this court to stay proceedings, contending that the CFTC is granted primary jurisdiction to rule on reparations complaints stemming from alleged breaches of the Commodity Exchange Act, 7 U.S.C. § 1, et seq., by virtue of Section 18 of that Act. In addition, defendant contended that the contract entered into with plaintiff provided for compulsory arbitration, although they further stated that they had not been able to secure a copy of this contract, nor had they been able to obtain one from plaintiff.

While the motion to stay was before this court, plaintiffs filed a response to defendant's CFTC complaint, asking the CFTC to stay proceedings pending the outcome of this matter in this court. Thus both the CFTC and this court have been requested to stay proceedings and to await the outcome of the matter in the alternate forum, and neither the CFTC nor this court currently have ruled on these requests.

█ Primary jurisdiction is a judicially-created doctrine permitting a court, in the

exercise of its sound discretion, to defer to an administrative agency for the initial resolution of certain disputes. The doctrine applies whenever enforcement of a claim requires "the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body" or requires handling by an administrative body especially knowledgeable in the area. *United States v. Western Pac. R. Co.,* 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956).

7 U.S.C. § 18, the provision in the Commodities Exchange Act which empowers the CFTC to handle reparations complaints, should not be construed as modifying the judicial doctrine of primary jurisdiction. Under the Act, the CFTC is empowered to make determinations of reparations complaints and to enforce these determinations, but nowhere does it appear that any court *must* defer to the CFTC. In fact, the CFTC recently confirmed that the application of primary jurisdiction is "rarely, if ever" appropriate for claims within "private litigation seeking damages for alleged violations of provisions of the Act." FR. Doc. 76–12906 (May 3, 1976). The CFTC further opined that "[t]he issues raised by a particular fraudulent scheme, however complicated, are entirely within the conventional ability of the courts." *Id.*

Plaintiff contends that the issues raised by defendant in its reparations complaint amount to no more than whether plaintiff failed to maintain proper margins and whether plaintiff breached an agreement not to liquidate defendant's account. Thus, plaintiff contends, these claims are well within the expertise of this court to resolve; in fact, they properly should be pled as a counterclaim to plaintiff's current action. This court agrees. These issues are properly resolved within the judicial, and not the administrative, context. In the future, if the court should desire the expertise of the CFTC, it may, according to the CFTC, request the CFTC's participation as *amicus curiae. Id.*

It is therefore ORDERED AND ADJUDGED that the motion to stay proceedings of the defendant Lumber Merchants, Inc. be, and the same is, hereby DENIED. The defendant is directed to file a response to plaintiff's complaint within 10 days from the date of this order.