**James J. FISCHER, Plaintiff,**

v.

**ROSENTHAL & COMPANY and Steve Palmer, Defendants.**

Civ. A. No. 3–77–0824–H.

United States District Court,
N. D. Texas,
Dallas Division.

Dec. 11, 1979.

C. Rodney Acker, Jenkens & Gilchrist, Dallas, Tex., for plaintiff.

Dean Carlton, Dallas, Tex., & Clinton Burr Chicago, Ill. for defendants.

## ORDER

SANDERS, District Judge.

This matter is before the Court on the Rule 12(b)(6) Motion of Defendant Rosenthal & Company, filed May 18, 1979, and Plaintiff's Response thereto, filed June 13, 1979.

Defendant's Motion is GRANTED.

Plaintiff Fischer had a non-discretionary commodity brokerage account with Defendant Rosenthal & Company whose agent and employee Defendant Palmer handled the account. Plaintiff complains that the Defendants sold his coffee futures contracts and bought sugar futures contracts contrary to Plaintiff's express directions, to Plaintiff's damage. Plaintiff's suit is based upon: (1) Rule 10b–5 and § 10(b) of the Securities Exchange Act of 1934; (2) § 17(a) of the Securities Act of 1933; (3) § 4b of the Commodity Exchange Act; (4) § 33 A(2) of the Texas Securities Act; (5) §§ 17.12 and 17.46 of the Texas Deceptive Trade Practices Act; and (6) common law fraud. The Court will discuss the claims seriatim.

### I. Plaintiff's Claims Under the 1933 and 1934 Securities Acts

Plaintiff fails to state a claim under the federal securities laws because the transaction did not involve a security, and because Congress has granted exclusive regulatory jurisdiction over commodity futures and option contracts to the Commodity Futures Trading Commission ("CFTC"). The Fifth Circuit in *SEC v. Continental Commodities Corporation*, 497 F.2d 516, 520 n.9 (1974) held that a commodity futures contract is not an "investment contract" and hence is not a "security" as defined in *SEC v. W. J. Howey Co.*, 328 U.S. 293, 298–99, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). *See, also, Moody v. Bache & Co.*, 570 F.2d 523 (5th Cir. 1978). Furthermore, in the 1974 amendments to the Commodity Exchange Act of 1970, Congress established the CFTC and vested it with exclusive jur-

isdiction over "accounts, agreements . . . and transactions" involving commodity futures contracts traded on a contract market. 7 U.S.C. § 2 (1974). The present transaction falls within the ambit of 7 U.S.C. § 2. Counts I and II of Plaintiff's complaint fail to state a claim and must therefore be dismissed without prejudice.

## II. Plaintiff's Claim Under the Commodities Exchange Act

■ Plaintiff's claim based upon the anti-fraud provision of the Commodity Exchange Act ("Act"), 7 U.S.C. § 6b, must be dismissed because there is no implied private right of action in federal court for a violation of the Act.

Plaintiff argues that the Fifth Circuit as well as district courts therein have recognized such a private right of action under the Act. But the Fifth Circuit (using language which tracks *Cort v. Ash, infra*) expressly reserved ruling on this issue (of a private right of action in federal court) in *Moody v. Bache & Co., supra* at 529; and recently stated that "the implication of a [private] cause of action is a question of statutory construction to be answered by consideration of the factors enumerated in *Cort v. Ash.*" *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1067 n.14 (5th Cir. 1979). The district court in *Poplar Grove v. Bache Halsey*, 465 F.Supp. 585 (M.D.La.1979) did not apply the four part test of *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), as the cited Fifth Circuit decisions seem to require. In *Shearson Hayden Stone v. Lumber Merchants, Inc.*, 423 F.Supp. 559 (S.D.Fla.1976) there is no indication that the plaintiff's right to a private action in federal court was disputed by the defendant. The issue was whether the district court should stay the judicial proceedings pending the outcome of the defendant's reparations complaint filed with the CFTC. The court denied the defendant's motion to stay without having addressed the implied private remedy issue.

This Court's conclusion—that there is no private right of action in federal court—is dictated by *Cort v. Ash*, (see discussion, *infra*) and by other recent opinions of the Supreme Court, e. g., *Transamerica Mortgage Advisers, Inc. v. Lewis*, —— U.S. ——, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) where Mr. Justice Stewart, writing for the majority, stated: "[W]hat must ultimately be determined is whether Congress intended to create the private remedy asserted, as our recent decisions have made clear. *Touche Ross & Co. v. Redington, supra*, [442 U.S.], at 569 [99 S.Ct., at 2485]; *Cannon v. University of Chicago, supra*, [441 U.S.], at 688 [99 S.Ct., at 1953]." *Id.* at ——, 100 S.Ct. at 245. The Court in *Transamerica* held that under the Investment Advisers Act of 1940 there was a limited private remedy for restitution but no other private causes of action, legal or equitable. In so holding, the majority stated that the factors in *Cort* were not necessarily entitled to equal weight and that those concerning legislative intent were paramount. *Id.* at ——, 100 S.Ct. 242.

Other recent Supreme Court decisions reflect the trend against implying a private right of action under federal statutes. *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974), (no private cause of action inferred in the Amtrak Act); *Securities Investor Protection Corp. v. Barbour*, 421 U.S. 412, 95 S.Ct. 1733, 44 L.Ed.2d 263 (1975), (no implied private right of action under the Securities Investor Protection Act); *Piper v. Chris-Craft Industries, Inc.*, 430 U.S. 1, 97 S.Ct. 926, 51 L.Ed.2d 124 (1977), (no implied private cause of action for damages for an unsuccessful tender offeror under § 14(e) of the Securities Exchange Act of 1934); *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). Throughout these cases the Supreme Court emphasized that a private cause of action should not be implied where Congress has provided for other means of enforcement and a private remedy is " 'unnecessary to ensure the fulfillment of Congress' purposes' in adopting the Act." *Santa Fe*, 430 U.S. at 477, 97 S.Ct. at 1303 (citing *Piper*

and *J. I. Case Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1556, 12 L.Ed.2d 423 (1964)).

In *Cort v. Ash*, 422 U.S. at 78, 95 S.Ct. at 2088, the Supreme Court established the four-pronged analysis:

First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," . . . . that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent explicit or implicit, either to create such a remedy or to deny one? . . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . . And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? . . . [citations omitted]

Assuming *arguendo* that plaintiff meets the first test, as indeed he may, we turn to the second criterion, which is paramount under recent decisions and which governs here. Did Congress explicitly or implicitly create a private right of action in federal court? We look first to the language of the Act itself. *Transamerica Mortgage Advisors, Inc. v. Lewis, supra*, at ——, 100 S.Ct. 242. Congress conferred "exclusive jurisdiction" upon the CFTC to enforce the Act. 7 U.S.C. § 2. The CFTC is authorized, *inter alia*, to institute administrative proceedings with the aid of subpoena power to prevent violations of any provision of the Act or any rule or regulation promulgated thereunder. *Id.* § 15. It may issue cease and desist orders prohibiting further trading and assessing civil penalties up to $100,000 per violation. *Id.* § 9. In lieu of administrative proceedings, the CFTC or the Attorney General may proceed in federal court to enforce compliance with the Act. *Id.*, § 13a–1.

In addition to governmental enforcement powers, Congress conferred on persons injured by violations of the Act an express private right of action through administrative reparations proceedings. *Id.* § 18. Un-der the administrative remedy, the CFTC can award reparations to the complaining party in the amount of damages sustained. *Id.,* § 18(e). The reparation award may be enforced in federal district court, *Id.* § 18(f), or appealed to the circuit court, *Id.* § 18(g). Conspicuously absent from the enforcement provisions is any provision creating (or from which may reasonably be inferred) a private cause of action with initial jurisdiction in the federal courts. In *Transamerica, supra*, after reviewing the various means of enforcement in the Investment Advisors Act, the Supreme Court noted: "In view of the express provisions for enforcing the duties imposed by § 206, it is highly improbable that "Congress absentmindedly forgot to mention an intended private action.'" *Id.* —— U.S. at ——, 100 S.Ct. at 247 (citing *Cannon v. University of Chicago, supra*). That statement applies with particular relevance and force to this case.

The legislative history of the 1974 amendments supports the conclusion that Congress did not intend to provide for a private right of action in court. On October 30, 1973, Representative Neal Smith introduced H.R. 11195 which created in Section 17 an express right to treble damages for persons injured by violations of the Act:

Any person violating any provision of this Act or any regulation thereunder shall be liable to any person injured thereby for treble the amount of the damages sustained as a result of such violation.

Subsequently, on December 11, 1973, another and similar bill was introduced. This latter bill, H.R. 11955, borrowed considerably from the earlier Smith bill, H.R. 11195, but also contained the reparations provision which eventually became 7 U.S.C. § 18. *Hearing* on H.R. 11955, before the House Committee on Agriculture, 93d Cong. 2d Sess., p. 2. The latter bill (11955), however, dropped the Smith bill's Section 17 (quoted above).

In the Senate bills to amend the Act were introduced by Senators McGovern (S. 2378), Hart (S. 2837), and Humphrey (S. 2485) in 1973. Senator McGovern's bill contained

the same provision as the Smith bill for treble damages. *Hearings* on S. 2485, et al., before the Senate Committee on Agriculture and Forestry, 93d Cong. 2d Sess., Part I, p. 77. Senator Hart's bill, S. 2837, provided for a private right of action in federal district court, but unlike the Smith and McGovern legislation, allowed only single damages in most cases and treble damages only in cases of "willful violation". *Id.* at 118–19. Provisions in these Senate bills relating to recovery through private suits initiated in court were rejected by the Senate Agriculture and Forestry Committee.

Plaintiff argues that 7 U.S.C. § 2 as well as certain excerpts from the legislative history support the conclusion that Congress intended to create a private remedy in federal court. Section 2 provides: "Nothing in this Section shall supersede or limit the jurisdiction conferred on courts of the United States or any State." Plaintiff also cites Senator Talmadge's remarks:

> The vesting in the Commission of the authority to have administrative law judges and apply a broad spectrum of civil and criminal penalties is likewise not intended to interfere with the courts in any way. It is hoped that giving the Commission this authority will somewhat lighten the burden upon the courts, but the entire appeal process and the right of final determination by the courts are expressly preserved. *Remarks of Senator Talmadge, 120 Cong.Rec. 30459* (1974).

While Plaintiff construes these remarks to mean that Congress intended to create a private court remedy, it is more reasonable to conclude that the remarks signify that Congress intended the courts' role as one of appeal and final determination after the initial determination is made in the administrative reparation proceeding, as provided by 7 U.S.C. § 18. Considered in the light most favorable to plaintiff, Senator Talmadge's remarks are, at best, ambiguous. All factors considered, the Court is of the opinion that the legislative history of the Act strongly points to the conclusion that Congress did not intend to create a private right of action in court for violations of the Act.

The third *Cort* test is whether implying a private cause of action in court is necessary to further the underlying statutory purpose. *National Super Spuds v. New York Mercantile Exchange,* 470 F.Supp. 1256, 1261 (S.D. N.Y.1979). The Supreme Court has emphasized that a private cause of action should not be implied when it is unnecessary to the goals of Congress in enacting the legislation. *See e. g. Santa Fe Industries, Inc. v. Green, supra,* at 477. This court concludes, in the light of the enforcement powers given to the CFTC by the Act and the administrative reparations remedy available to individuals under § 18 of the Act, that implying a private right of action in court is completely unnecessary, and even superfluous, to the statutory goals.

The final inquiry under *Cort* is whether the cause of action is one traditionally relegated to the states so that it would be inappropriate to infer a cause of action based solely on federal law. Since the Commodity Exchange Act was first enacted in 1922, the regulation of commodities trading has been governed by federal law, and federal law may be said to have preempted the field. This particular *Cort* inquiry has no relevance to this case. *Berman v. Bache, Halsey, Stuart, Shields,* 467 F.Supp. 311, 323 (S.D.Ohio 1979).

The Court being of the opinion that no private right of action can be implied under 7 U.S.C. § 6b, Count III of Plaintiff's complaint is dismissed without prejudice.

### III. *Plaintiff's Pendent Claims*

■ Plaintiff's pendent claims based upon the Texas Securities Act, the Texas Deceptive Trade Practices Act, and common law fraud must also be dismissed for lack of subject matter jurisdiction, there being no federal claims remaining and no diversity of citizenship between the parties. (Plaintiff alleges that he is a Texas resident, that Defendant Palmer is a Texas resident, and that both Defendants are engaged in business in Texas.) Counts IV, V, and VI of the complaint are dismissed without prejudice. Rule 12(b)(1); *Bova v. Pipefitters,* 554 F.2d 226, 228 (5th Cir. 1977).

**58**

This suit is dismissed without prejudice.

SO ORDERED.