**McGREGHAR LAND COMPANY, a corporation, Plaintiff and Appellant,**

v.

**Maurice W. MEGUIAR et al., Defendants and Appellees.**

No. 72-2378.

United States Court of Appeals, Ninth Circuit.

Aug. 21, 1975.

---

Sherman Welpton, Jr. (argued), Los Angeles, Cal., for plaintiff and appellant.

Daniel B. Condon (argued), Pasadena, Cal., for defendant and appellee.

## OPINION

Before CHAMBERS and DUNIWAY, Circuit Judges, and EAST,* District Judge.

CHAMBERS, Circuit Judge.

McGreghar Land Company (hereinafter "McGreghar") brought this action against Maurice, Malcolm, Ken-neth, and Barry Meguiar and a partnership and a corporation controlled by them (hereinafter "defendants"). McGreghar alleged that the defendants had by means of misrepresentations induced it to buy an interest in a limited partnership known as Meguiar Enterprises, in violation of § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j), Rule 10b–5, and various provisions of the Securities Act of 1933 (15 U.S.C. § 77a, et seq.). In addition, the complaint set forth various causes of action based on state law.

Defendants moved to dismiss the action for failure to join an indispensable party or, alternatively, to abate the action pending the resolution of an action brought by defendants in the state court to dissolve the limited partnership. In this state court action, McGreghar had filed counterclaims and a cross-complaint stating the same causes of action raised in the district court. The district court denied the motion to dismiss for failure to join an indispensable party, and then proceeded to consider, *sua sponte*, whether the complaint sufficiently stated a cause of action under § 10(b) and Rule 10b–5. Concluding that it did not, the court ordered the action dismissed. The court also stated its conclusion that, in any event, the action should be abated in deference to the prior pending state court action. Apparently reasoning that granting McGreghar leave to amend would be futile in view of the court's position with respect to abatement, the court denied leave to amend. Hence, it appears that the order dismissing the action was based on the two independent grounds of failure to state a claim and abatement. We shall consider abatement first.

Initially, we note that abatement, even if appropriate in this case, could not properly be accomplished by an outright dismissal of the action. Rather, the district court should have stayed the action pending the outcome of the state

---

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

proceeding. *Weiner v. Shearson, Hammill & Co., Inc.,* 521 F.2d 817 (9th Cir. 1975).

As in the *Weiner* case, the posture of the state court action here has changed significantly in the period between the district court's order of dismissal and the submission of the appeal from that order to this Court. In response to our order at oral argument, counsel have submitted statements setting forth the status of the action for dissolution of the partnership. From those statements, it would appear that prior to the trial of the state action, several of the causes of action alleged in McGreghar's cross-complaint were by stipulation dismissed without prejudice, including the cause of action specifically alleging violations of § 10(b) of the 1934 Act and Rule 10b–5. Thereafter, trial was had. McGreghar received a judgment of $90,000, which was affirmed on appeal.

This change of position illustrates the reason for the rule that actions deserving of abatement should be stayed rather than dismissed. Had the district court stayed this action, it would have retained jurisdiction to consider a suggestion that a stay was no longer appropriate because the issue sought to be litigated was no longer pending before the state court.

Thus, leaving aside for the moment the question of whether McGreghar has stated a cause of action, we have concluded that to the extent that the order of dismissal rested on the abatement doctrine, the order must be reversed and the case remanded for further consideration.[1]

There remains, of course, the question of whether the complaint states a claim under federal law. Ordinarily, when the district court finds that a case should be stayed pending the outcome of a prior pending action, it should not go on to rule on any of the merits. *Aetna State Bank v. Altheimer,* 430 F.2d 750, 752–53 (7th Cir. 1970). To do so would defeat one of the purposes of the doctrine of abatement. Here, however, since the district court did rule on the sufficiency of the complaint, and there is a distinct possibility that any further delay in this proceeding would be unwarranted, we think it necessary to reach the question.

McGreghar alleges that it was induced to make its capital contributions by the partners' misrepresentations concerning the value of their contributions, the permanency of these contributions, and the transfer of other businesses and distributorships to the partnership. These allegations make out a case for relief under Rule 10b–5. The district court concluded, however, that no "security" was involved in the transaction. We disagree. The limited partnership interest purchased by McGreghar possesses the essentials of an "investment contract" as that term has been interpreted by the Supreme Court in *SEC v. W. J. Howey Co.,* 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244 (1946): "The test is whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." We conclude therefore that the complaint states a claim under the Exchange Act.

Reversed and remanded for further proceedings consistent with this opinion.

---

1. In so doing, we do not wish to be understood as expressing an opinion on the propriety of an order staying the action under the circumstances originally presented to the district court. It would appear that there is a serious doubt whether the state court possessed jurisdiction to try claims for affirmative relief under the 1934 Act. *See Weiner v. Shearson, Hammill & Co., Inc., supra,* at footnote 3. As this case now stands, we have no occasion to consider the question.