SALCER, William Z., Appellant,

v.

MERRILL LYNCH, PIERCE, FENNER AND SMITH INC. and Fernando L. Kindler, Appellees.

No. 81–1969.

United States Court of Appeals, Third Circuit.

Argued Jan. 13, 1982.

Decided July 16, 1982.

David R. Simon (argued), Andrew Muscato, Simon & Allen, Newark, N. J., for appellant.

Robert J. Del Tufo (argued), J. Michael Riordan, Stryker, Tams & Dill, Newark, N. J., for appellees.

Before HUNTER and HIGGINBOTHAM, Circuit Judges, and WEINER,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

William Z. Salcer appeals from the order of the district court dismissing his complaint and compelling arbitration.

The appellant's suit was grounded upon the manner in which his commodity trading account was handled by the defendants. He asserted claims for relief based upon the Commodity Exchange Act as amended by the Commodity Futures Trading Commission Act of 1974 ("CEA"), 7 U.S.C. § 1 *et seq.* (first count); the Securities Act of 1933 ("1933 Act"), 15 U.S.C. § 77a *et seq.* (second count); and the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78a *et seq.* (third count). Salcer made additional pendent state common law claims which were encompassed within the fourth, fifth and sixth counts; the seventh count was grounded on alleged violations of the New Jersey Uniform Securities Law, N.J.Stat. Ann. 49:3–71(a) *et seq.* The district court granted motions made by the defendant to

* Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

dismiss the second, third and seventh counts of the complaint on the ground that a commodity trading account did not constitute a "security" within the meaning of the federal securities laws. In granting the motion the district court *sua sponte* dismissed the first count, stating that there was no implied private right of action under the Commodity Exchange Act. The court dismissed all other aspects of the complaint for lack of subject matter jurisdiction, but ordered arbitration, of the claim under the first count.

The case was argued January 13, 1982 but held under advisement pending the Supreme Court's decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* —— U.S. ——, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982), and the cases consolidated therewith.

For the reasons which follow, we will modify and affirm the district court's decision.

■ The first question is whether a commodity account is a "security" within the meaning of federal securities laws. We hold that it is not. In *Wasnowic v. Chicago Board of Trade,* 352 F.Supp. 1066 (M.D.Pa. 1972), *aff'd without opinion,* 491 F.2d 752 (3d Cir. 1973), *cert. denied,* 416 U.S. 994, 94 S.Ct. 2405, 40 L.Ed.2d 773 (1974), the court held that a commodity account does not meet the second part of the test set forth in *Securities Exchange Commission v. W. J. Howey Co.,* 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946) because such an account is not an investment in a common enterprise. Here, as in *Wasnowic,* the investment made by Mr. Salcer was not a part of a pooled group of funds and thus does not meet the second part of the *Howey* test.

■ We turn then to the question of whether or not there is an implied private right of action under the Commodity Exchange Act.

In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* —— U.S. ——, 102

S.Ct. 1825, 72 L.Ed.2d 182 (1982) the Supreme Court answered this question in the affirmative and held that a private cause of action did exist. As in the present case, *Curran* involved customers suing their futures commission merchant. The other cases in the combined suit involved speculators suing a mercantile exchange and futures commission merchant. The Supreme Court held that a private party could maintain an action for damages caused by violation of the Commodity Exchange Act. In so doing the Court resolved the conflict that existed in the circuits on this question. *See Curran,* 102 S.Ct. at 1827–28 nn. 3–5. The Court's decision also effectively resolved a conflict in the district court decisions in this circuit in favor of the position taken in *Alken v. Lerner,* 485 F.Supp. 871 (D.N.J. 1980). We find that *Curran* is dispositive of this issue.

■ Arbitration was ordered below, despite a finding of lack of subject matter jurisdiction. Because we now hold that there was a private cause of action available, whether or not to order arbitration becomes relevant. It is entirely clear from the record that Mr. Salcer expressly elected to have his claims, arising out of the operation of the account with the defendants, settled by arbitration.[1] Mr. Salcer was not required as a condition precedent to elect arbitration: this was his voluntary choice, and now he is bound by it. We find nothing in the arbitration agreement which is violative of any of the requirements set forth in the regulations under the Commodity Exchange Act. We have examined the separate arguments made by Mr. Salcer in which he urges that the arbitration agreement is unenforceable, and find them without merit.

Accordingly, the judgment of the district court will be modified in accordance herewith to reflect the existence of subject matter jurisdiction in the asserted private cause

---

1. The arbitration clauses are paragraphs 6, 7 and 8 of Mr. Salcer's "Commodity Account Agreement." He had a choice as to whether or not these clauses should be part of the agreement. He made the choice by electing to sign

(separately from his signature on the agreement itself) the box that stated "I have read the arbitration clauses and understand and agree with them (Paragraphs 6, 7 and 8)." Appendix at 17a, 18a.

of action under the Commodity Exchange Act, and that part of the order of April 2, 1981 which compels arbitration of plaintiff's claims will be affirmed.