A. Bruce UMSTEAD, Margaret W. Umstead and Willie Lea Farthing, Plaintiffs,

v.

DURHAM HOSIERY MILLS, INC., and George A. Cralle, H.E. Schoenhut, Jr., John P. Barnett, and Frederick L. Russell, Individually, Defendants.

Mary W. TEER and Cora W. Chambers, Plaintiffs,

v.

DURHAM HOSIERY MILLS, INC., and George A. Cralle, H.E. Schoenhut, Jr., John P. Barnett, and Frederick L. Russell, Individually, Defendants.

Nos. C–83–1168–D, C–83–1310–D.

United States District Court, M.D. North Carolina, Durham Division.

Sept. 13, 1984.

See also 578 F.Supp. 342.

William Woodward Webb, of Broughton, Wilkins & Webb, P.A., Raleigh, N.C., and Kevin P. Roddy, Charlottesville, Va., for plaintiffs.

L. Bruce McDaniel, of DeBank, McDaniel, Heidgerd, Holbrook & Anderson, and G. Eugene Boyce of Boyce, Mitchell, Burns & Smith, P.A., Raleigh, N.C., for defendants.

### MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

There are six motions before the Court, three pending in each of these cases. Common questions of law and fact permeate these cases and only plaintiff identity distinguishes the motions in one case from those in the other. While each motion has received individual consideration, the Court will, in the interest of judicial economy, rule on all motions in this Memorandum Opinion and Order.[1]

Defendant Durham Hosiery Mills, Inc. (Durham Hosiery) moves in both actions to

---

**1.** Citations to pleadings will be joint, first to *Umstead*, followed by *Teer*.

dismiss Count IV of the Complaints (October 31, 1983, December 21, 1983) and More Definite Statements (February 6, 1984, March 19, 1984) for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P. (April 11, 1984, April 12, 1984).[2] Plaintiffs in both cases move for consolidation pursuant to Rule 42(a), Fed.R.Civ.P., and for partial summary judgment on the amount of the relevant fair market value of Durham Hosiery's stock. (May 14, 1984). Defendants have requested a hearing on the partial summary judgment motions. The Court finds that each of the parties' respective positions have been fully presented and argued in their motions and briefs and that a hearing would not aid resolution of these matters. The Court will dismiss Count IV of both Complaints as against defendant Durham Hosiery, consolidate these cases for trial, and deny partial summary judgment on the damages issue.

## A. CONSOLIDATION

"When actions involving a common question of law or fact are pending before the court, it may order ... the actions consolidated." Fed.R.Civ.P. 42(a). Plaintiffs and defendants laudably agree that these cases may, and should, be consolidated.

## B. DISMISSAL OF RICO CLAIM AGAINST DURHAM HOSIERY

Count IV of both Complaints, as supplemented by the More Definite Statements, alleges that all defendants violated sections 1962(b), (c), and (d) of the Racketeer Influenced and Corrupt Organizations (RICO) chapter of Title 18 of the United States Code, 18 U.S.C. §§ 1961–68. These sections prohibit any "person" from acquiring or maintaining any interest or control in, or from participating, directing or conducting the affairs of, an "enterprise" through a pattern of racketeering activity. 18 U.S.C. § 1962(b), (c). Plaintiffs allege that Durham Hosiery is the RICO "enterprise." More Definite Statements ¶¶ 88, 91. Durham Hosiery argues that Count IV must be dismissed against it for an "enterprise" may not also be a "person." [3]

■ Motions to dismiss for failure to state a claim upon which relief can be granted test the sufficiency of a complaint. In both of these cases plaintiffs have not sufficiently stated a RICO claim against Durham Hosiery. Durham Hosiery is not an alleged "person," *i.e.*, defendant under RICO. Only the individual defendants are alleged to be RICO persons. More Definite Statements ¶¶ 91–92, 88–89. RICO makes unlawful only conduct of "persons," not of the "enterprise." 18 U.S.C. §§ 1962(b), (c), & (d).

■ Even if the plaintiffs had alleged Durham Hosiery to be a RICO person, the claim is still subject to dismissal because a RICO enterprise may not simultaneously be a RICO person. A RICO action is predicated on a relationship between a person and an enterprise. Because the statute condemns only activity of the person, not of the enterprise, it follows that the enterprise must be a being or entity different from the person whose behavior the statute was designed to punish. *United States v. Computer Science Corp.*, 689 F.2d 1181, 1190 (4th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983).

Plaintiffs argue that *United States v. Computer Science Corp.* is factually distinguishable from the instant cases. The Court disagrees. In *United States v. Computer Science Corp.*, the RICO enterprise was an unincorporated subdivision of the corporate defendant. Both the enterprise (the subdivision) and the corporation were

---

**2.** The Court notes that defendants filed a motion for a protective order in both cases (February 27, 1984, May 9, 1984). Plaintiffs have not responded and defendants failed to indicate compliance with Local Rule 21(k). The Court assumes these matters have been resolved, and in any event the lack of compliance with Local Rule 21(k) precludes resolution by the Court.

**3.** "Person" is defined to include "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). "Enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

named defendants. The Fourth Circuit found that the enterprise had no existence separate and apart from the corporate defendant and dismissed the RICO claims against the corporate defendant. Just as in both of the cases at bar, the enterprise and at least one of the named persons (RICO defendants) were one and the same. RICO claims against other individual defendants who, like the individual defendants here, existed independently of the enterprise were not dismissed.

Plaintiffs point out that there is a split of authority on this particular issue among several circuit courts and many district courts. *United States v. Hartley*, 678 F.2d 961 (5th Cir.1982), *cert. denied*, 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983), gives the RICO statutory language a broader interpretation and holds that a corporation "may be simultaneously both a defendant and the enterprise under RICO." *See also United States v. Benny*, 559 F.Supp. 264 (N.D.Cal.1983) (criticizing *United States v. Computer Science Corp.*); *D'Iorio v. Adonizio*, 554 F.Supp. 222 (M.D.Pa.1982) (agreeing with *United States v. Hartley*). However, *United States v. Computer Science Corp.* is controlling in this circuit and it holds, correctly in the Court's opinion, that a RICO enterprise cannot simultaneously be held liable as a RICO defendant. *See also Rae v. Union Bank*, 725 F.2d 478 (7th Cir.1984) (RICO enterprise cannot also be RICO defendant); *Kaufman v. Chase Manhatten Bank, N.A.*, 581 F.Supp. 350, 351 (S.D.N.Y. 1984) (failure of complaint to distinguish enterprise as vehicle for racketeering from culpable person resulted in dismissal of RICO claim against named enterprise); *In Re Action Industries Tender Offer*, 572 F.Supp. 846 (E.D.Va.1983) (there cannot be an identity between the RICO person and enterprise).

## C. PARTIAL SUMMARY JUDGMENT

These two actions arise out of the 1981 merger or reorganization of Durham Hosiery into DHM, Inc. The merger spawned several other lawsuits, at least two of which have been tried and are on appeal.[4] In *White v. Durham Hosiery Mills, Inc.*, No. 81–912–CIV–5 (E.D.N.C.1983), the jury returned a verdict for the plaintiffs and awarded compensatory damages of $25,-900. The jury noted in the margin of the Verdict Form a value of $37.00 per share for 700 shares. Plaintiffs here ask that defendants be estopped from litigating the fair market value of the stock and that the Court, as a matter of law, set $37.00 per share as that value.[5]

■ "Collateral estoppel ... has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552, 559 (1979). Generally, a plaintiff may offensively assert collateral estoppel unless it could have easily joined in the earlier action, or, by reason of the attending facts and circumstances, it would be unfair to estop relitigation by the defendant. *Parklane Hosiery Co. v. Shore*, 439 U.S. at 331, 99 S.Ct. at 651, 58 L.Ed.2d at 562.

Defendants argue there is every indication that plaintiffs adopted a "wait and see" approach to the *White* action in hopes of a favorable verdict. Plaintiffs could have joined in the previous actions in the Eastern District of North Carolina. Venue would have been proper. 28 U.S.C. § 1391(b), (c) (venue in action against corporation not founded solely on diversity jurisdiction is proper where claim arose or where corporation is doing business). Given the similarity of the claims, parties and

---

4. *White v. Durham Hosiery Mills, Inc.*, No. 81–912–CIV–5 (E.D.N.C.1983) (jury verdict for plaintiff); *Lindner v. Durham Hosiery Mills, Inc.*, No. 81–1087–CIV–5 (E.D.N.C.1984) (jury verdict for defendant).

5. Collateral estoppel, if appropriate, would only prevent relitigation of the value of Class B stock. Plaintiff Margaret W. Umstead owned shares of Class A stock in Durham Hosiery. Class A stock was not valued in *White*, thus its value is not subject to summary judgment.

counsel, joinder would have been in the interest of judicial efficiency and economy for all concerned. The possibility that the later initiation of these actions was calculated certainly exists. However, the opposite explanation, that plaintiffs acted in good faith without deliberate postponement until after *White,* is also reasonable. Defendants' argument to the contrary is speculative and not supported by affidavits or other factual showing. Fed.R.Civ.P. 56(e).

Defendants also argue that the per share value placed on the stock was dictum rather than a finding by the jury. This argument is foreclosed by the Order entered in *Lindner* by the Honorable James C. Fox granting partial summary judgment on a similar motion. Brief in Support of Plaintiffs' Motion for Summary Judgment, Appendix B (certified true copy) (May 14, 1984). Judge Fox, cognizant that a fair value of the stock was essential to judgment, was satisfied that the jury explicitly found $37.00 to be the value per share.

Finally, defendants contend that collateral estoppel would be unfair because it would effectively resolve the liability issues against them. The Court disagrees. Damages are but one element of plaintiffs' claims; the other elements will have to be established at trial by a preponderance of the evidence. In fact, in *Lindner,* the jury never reached the issue of the fair value of the stock for it resolved liability in favor of defendants.[6] Additionally, defendants have defenses to each of the counts irrespective of the value of the stock. It is not alleged that defendants represented a particular fair market value of the stock to the plaintiff shareholders. Complaints ¶ 32. Whether the disclosures made were material misrepresentations, fraudulent, or a breach of fiduciary duty does not depend solely on the value of the stock.

■■■ However, even though defendants fail in their attempt to show that collateral estoppel on the value of Class B stock is inappropriate, summary judgment is precluded by the presence of defendant Russell. A plaintiff may estop "a defendant from relitigating issues which the defendant previously litigated and lost against another plaintiff." *Parklane Hosiery Co. v. Shore,* 439 U.S. at 329, 99 S.Ct. at 650, 58 L.Ed.2d at 561. The defendant against whom collateral estoppel is sought must have " 'had a fair opportunity to litigate the relevant issue effectively.' " *Watkins v. M. & M. Tank Lines, Inc.,* 694 F.2d 309 (4th Cir.1982) (citation omitted). Defendant Russell, who was not a defendant in *White,* has not had an opportunity to litigate the value of the stock. Russell is entitled to his day in court and may not be estopped from litigating stock valuation.

Since all defendants are allegedly jointly and severally culpable and liable, collateral estoppel against all defendants except Russell is not warranted. Admission of Russell's valuation evidence would absorb the time potentially saved by collateral estoppel, and any attempt to admit this evidence to the exclusion of the other defendants would unduly confuse consideration of the evidence and issues.

IT IS, THEREFORE, ORDERED that defendant Durham Hosiery Mills, Inc.'s motions in both cases to dismiss Count IV of the Complaints be, and the same hereby are, GRANTED. Count IV in both actions remains against the individual defendants.

IT IS FURTHER ORDERED that plaintiffs' motions for partial summary judgment in both cases be, and the same hereby are, DENIED.

IT IS ORDERED that these two cases be, and the same hereby are, CONSOLIDATED for trial.

---

6. The different liability verdicts in *White* and *Lindner* are not grounds for denying collateral estoppel. Liability and damages are two separate issues and inconsistency between prior liability determinations does not affect the damages issue which is an independent question of stock valuation.