TRYCO TRUCKING COMPANY, INC. and Ralph O. Soots, Plaintiffs,

v.

BELK STORE SERVICES, INC., Charlotte Freight Association, Inc., CFA Transportation, Inc., Tempus Trucking Company, Robert D. Hoagland and Charles R. Young, Defendants.

No. C–C–84–531–P.

United States District Court, W.D. North Carolina.

Feb. 11, 1985.

Eric Meierhoefer, Washington, D.C., Harold Bender, Charlotte, N.C., for plaintiffs.

Donald Carroll, Helms, Mulliss & Johnston, Charlotte, N.C., for Belk Store Services.

Philip D. Lambeth, Harkey, Coira, Fletcher & Lambeth, Charlotte, N.C., for

Charlotte Freight Assoc., Inc., CFA Transp.

Robert D. Hoagland by E. Fitzgerald Parnell, III, Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, Charles R. Young, Parker, Poe, Thompson, Bernstein, Gage & Preston by William P. Farthing, Jr. and H. Parks Helms, Lane and Helms, Charlotte, N.C., for defendant.

ROBERT D. POTTER, Chief Judge.

THIS MATTER was heard before the undersigned on January 7, 1985. The Plaintiff was represented by Eric Meierhoefer and Harold Bender. Belk Stores Services, Inc. ("Belk") was represented by Donald Carroll. Charlotte Freight Association, Inc. ("CFA") and CFA Transportation, Inc. ("CFA Transport") were represented by Philip D. Lambeth. Charles R. Young ("Young") was represented by William P. Farthing, Jr. Robert D. Hoagland ("Hoagland") was represented by E. Fitzgerald Parnell, III. Tempus Trucking Company did not appear. The hearing was held on joint motion of CFA and CFA Transport to dismiss or alternatively for abstention, on Belk's motion to dismiss, on Young's motion to dismiss and on Hoagland's motion to dismiss.

## I. PROCEDURAL POSTURE

This litigation is based upon the alleged intentional violation of laws governing unfair and deceptive trade practices in North Carolina and violation of 18 U.S.C. § 1961 et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Five of the six Defendants have filed motions to dismiss for failure to state a claim upon which relief can be granted. Although there are four separate motions to dismiss before the Court there are several common theories asserted in each motion.

The Defendants contend that in order to state a valid cause of action under RICO there must be an alleged nexus between "organized crime" and the Defendant, there must be a conviction, as opposed to the commission, of one of the predicate acts, or the allegations concerning the

predicate offenses must be stated with sufficient particularity to establish probable cause to believe the Defendants committed the predicate acts. If the Defendants' theories are legally sound then the Complaint should be dismissed because the Complaint does not allege, and the Plaintiff does not contend they could allege, an organized crime nexus or a conviction. The Defendants, in addition, contend the underlying predicate acts of fraud and extortion are insufficiently pled. The remaining objection to the RICO count relates to the insufficiency of the Complaint to establish the enterprise and the individual Defendants' participation in the enterprise. The Court will discuss each contention seriatim.

## II. DISPOSITION OF THE COMMON CONTENTIONS

### A. Requisite Nexus Between "Organized Crime" and the Defendants

■ Relying on various district court opinions, the Defendants argue that a litigant is able to state a claim under RICO only if it is alleged that there is a link between the defendant and organized crime. See, e.g., Mon-Shore Management, Inc. v. Family Media, Inc., 584 F.Supp. 186 (S.D.N.Y.1984); Divco Const. & Realty Corp., Inc. v. Merrill Lynch Pierce Fenner & Smith, Inc., 575 F.Supp. 712 (S.D. Fla.1983); Hokama v. E.F. Hutton and Company, Inc., 566 F.Supp. 636 (C.D.Cal. 1983). The Second, Seventh, Eighth, and to a certain extent, the Fourth Circuit Court of Appeals, however, have repudiated the notion that there exists an organized crime barrier in RICO. Haroco, Inc. v. American National Bank & Trust Co., 747 F.2d 384, 391 (7th Cir.1984) ("[T]he courts have thoroughly repudiated the contention that the civil provisions of RICO apply only to organized crime"); United States v. Grande, 620 F.2d 1026, 1030 (4th Cir.) cert. denied, 449 U.S. 830, 101 S.Ct. 98, 66 L.Ed.2d 35 (1980). ("A premise of the argument appears to be the rejected notion that (RICO) ... applies only to organized crime in the classic 'mobster' sense"); Ben-

*nett v. Berg,* 685 F.2d 1053, 1063 (8th Cir. 1982), *cert. denied, Prudential Insurance Company v. Bennett,* —— U.S. ——, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Schacht v. Brown,* 711 F.2d 1343, 1355 (7th Cir.) *cert. denied, Arthur Andersen & Co. v. Schacht,* —— U.S. ——, 104 S.Ct. 508, 78 L.Ed.2d 698 (1983); *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 21 (2d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). This Court, in addition, agrees, that as the language of the statute does not limit its application to organized crime and as Congress "rejected any attempt to employ the concept of 'organized crime' in any colloquial sense in the language of RICO" it would constitute impermissible judicial legislation to impose an organized crime nexus in RICO. *Haroco, supra,* at 391. Accordingly, the Court is not persuaded by the Defendants' argument that the absence of a link to organized crime requires dismissal.

B.  *Conviction of Criminal Activity for the Underlying Predicate Acts*

█ The Second Circuit Court of Appeals in *Sedima v. IMREX Co., Inc.,* 741 F.2d 482 (2d Cir.1984) held that in RICO there must be a criminal conviction on the underlying predicate offenses. The Defendants urge the Court to follow *Sedima* and require the conviction, as opposed to the commission, of the predicate acts. The Court is not so persuaded.

The unique conviction theory established in *Sedima* appears to have been rejected by all other circuits considering the matter. *United States v. Cappetto,* 502 F.2d 1351 (7th Cir.1974), *cert. denied,* 420 U.S. 925, 95 S.Ct. 1121, 43 L.Ed.2d 395 (1975); *USA-CO Coal Co. v. Carbomin Energy, Inc.,* 698 F.2d 94, 95 n. 1 (6th Cir.1982); *Bunker Ramo Corp. v. United Business Forms, Inc.,* 713 F.2d 1272, 1287 (7th Cir.1983); *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 19 n. 15 (2d Cir.1983) (dicta), *cert. denied sub com. Moss v. Newman,* —— U.S. ——, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). Further, although the Fourth Circuit Court of Appeals has not directly considered the is-

sue, it did reinstate a civil RICO claim with no prior conviction after the district court dismissed the action for failure to state a claim upon which relief can be granted. *See, Battlefield Builders, Inc. v. Swango,* 743 F.2d 1060 (4th Cir.1984). After carefully considering the matter the Court is more inclined to agree with the dissent in *Sedima:*

> [l]ooking at the reasoning that creates a 'prior predicate act criminal conviction' requirement one is struck that it—in Alice's words—gets 'curiouser and curiouser'. No support for this proposition is found in the statute or its legislative history.

741 F.2d at 504. Therefore, in light of the actual language in the statute, the well-reasoned rejection of the conviction theory by the other circuits considering the issue and the reinstatement of the civil RICO claim in *Battlefield,* the Court disagrees with the Defendants' suggestion that we should follow *Sedima* and implant a conviction requirement in RICO.

C.  *Pleading Predicate Offense With Sufficient Particularity to Establish Probable Cause ·*

█ In *Bache Halsey Stuart & Shields, Inc. v. Tracy Collins Bank & Trust Co.,* 558 F.Supp. 1042 (D.Utah 1983) the Court held the predicate offenses must be alleged either as prior criminal convictions or with sufficient particularity to establish that there is probable cause to believe the defendant committed the crimes. *See also, Taylor v. Bear Stearns & Co.,* 572 F.Supp. 667 (N.D.Ga.1983). Although this issue has not been addressed in this circuit it has been seriously criticized by other courts considering the problem. The probable cause requirement was explicitly rejected in *Haroco, supra,* the Court discerning a significant difference between the necessary proof at the trial and the requisite specificity at the pleading stage. This Court agrees with the rational in *Haroco* :

> To establish its case at trial, a civil plaintiff must surely prove the acts of racketeering, but the district courts in *Bache Halsey* and *Taylor* appear to have moved

that requirement up to the pleading stage. For several reasons, we do not agree that such specificity is required *at the pleadings stage.*

First, a determination of probable cause in the criminal context ordinarily involves some evaluation of the reliability of specific evidence. Even the most specific allegations do not establish probable cause unless they are reliable. We are, to say the least, perplexed as to how a court might undertake such evaluations of reliability in deciding a motion to dismiss under Rule 12 . . . .

With respect to *Bache Halsey's* discussion of grand juries, it should be recalled that a grand jury has significant investigative powers and resources, including a broad subpoena power. Before it decides whether to indict a person, it has extensive opportunities, to discover and evaluate relevant facts. It should be obvious that a civil plaintiff has no similar discovery rights until it files its complaint. Yet, the approach of the district court in *Bache Halsey* appears to require a plaintiff to establish a case before any discovery is permitted. The *Bache Halsey* court argued that such specificity was needed in order to evaluate the merits of a claim and to distinguish between well-founded and frivolous claims. While the court's motives are admirable, its approach seems to us to be impractical. We see no grounds for demanding that a civil RICO plaintiff essentially plead evidence and prove the case in the complaint. (citations omitted).

*Haroco, supra,* at 404–405. In light of the above this Court is of the opinion that, contrary to the Defendants' assertion, the Complaint need not satisfy a probable cause specificity standard.

D. *Failure to Allege the Fraudulent Acts With the Particularity Required by Rule 9(b) of the Federal Rules of Civil Procedure*

■■■ The requirement in Fed.R.Civ.P. 9(b) of specificity in pleading fraud applies to fraud allegations in civil RICO claims. The Complaint in this action, which Com-

plaint identifies the transactions, the fraudulent representations, the material concealments, the parties' identity, and their intent alleges with the requisite specificity several fraudulent schemes. *See, e.g., Complaint,* ¶ 70(a)-(r).

If the Defendants are also contending that the allegations do not constitute a valid claim of fraud, the Court disagrees. The term scheme to defraud includes within its ambit various schemes involving deception if they are contrary to public policy and fail to measure up to accepted moral standards. Schemes of non-disclosure and concealment of material information came within the federal mail fraud statute. Fraud is also found when there has been a fraudulent statement of facts or a deliberate concealment thereof to a public agency in order to receive a benefit by action of the agency. *United States v. Mandel,* 591 F.2d 1347, 1364 (4th Cir.1979). The Complaint in this respect, therefore, withstands the Defendants' motion to dismiss.

E. *Failure of the Extortion Allegation to State A Valid Cause of Action*

■■■ The Defendants contend that the extortion allegation cannot be considered as one of the predicate acts because the claim as alleged does not constitute extortion. In support of their position, the Defendants focus on singular paragraphs or phrases in the Complaint as opposed to assessing the Complaint in its entirety.

In order to satisfy the extortion claim there must be a threat or a communication of a threat. N.C.G.S. § 14–118.4. The Defendants' position is that there is no threat since the Complaint uses the term "implicit threat" or "requested." The Defendants' argument ignores the fact that the Complaint also alleges that *during the time* the "requests" for stock were being made the Defendants' conduct toward the Plaintiff radically changed, in that there was wrongful withholding of payment of freight charges, filing of unwarranted loss and damage claims, and other wrongful actions designed to injure the Plaintiff's business. *See, Complaint,* ¶ 23,24. As a threat is as

effectively communicated through conduct as it is communicated by language the Court is of the opinion that there is stated a valid claim of extortion.

### F. *Identification of the Enterprise and the Defendants' Participation in the Conduct of the Enterprise*

The RICO "enterprise" identified in the Complaint is Defendant CFA. The Plaintiff's memorandum, however, suggests that the enterprise is an association in fact consisting of all Defendants associated for the common purpose of attempting to force the Plaintiff out of business. If the enterprise is Defendant CFA, as alleged in the Complaint, then the Court should probably dismiss the claim against Defendant CFA because an enterprise may not simultaneously be a RICO participant. *Umstead v. Durham Hosiery Mill*, 592 F.Supp. 1269 (M.D.N.C.1984); *United States v. Computer Sciences Corp.*, 689 F.2d 1181 (4th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *United States v. Bledsoe*, 674 F.2d 647 (8th Cir.), *cert. denied*, 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1982). If the enterprise instead consists of an association of fact then until this enigmatic association is identified and pled the Court cannot determine if a defendant should be dismissed because he has not participated in this enterprise or conversely that he should be dismissed because he has no separate cognizable identity apart from the enterprise. *Id.* Accordingly, since the Plaintiff has suggested the existence of an enterprise not yet pled, the Court is of the opinion that the Plaintiff should be granted leave to amend the Complaint. If the Complaint is amended the Plaintiff should consider avoiding the generic use of "defendants" and instead should be more specific with respect to the allegations concerning the Defendants' respective association with the enterprise. After the time in which to amend the Complaint has lapsed, the Court will determine whether the Complaint should be dismissed as to the Defendants individually.

IT IS, THEREFORE, ORDERED that:
(1) The Plaintiff is granted leave to amend the Complaint;
(2) The amended Complaint must be filed within fifteen (15) days from the filing of this Order; and
(3) The Court will defer ruling on the remaining issues in the Defendants' motions to dismiss for fifteen (15) days.