**ETHANOL PARTNERS ACCREDITED and Ethanol Energy Partners**

v.

**WIENER, ZUCKERBROT, WEISS & BRECHER, et al.**

Civ.A. No. 84–6408.

United States District Court, E.D. Pennsylvania.

Sept. 13, 1985.

Henry H. Janssen, Philadelphia, Pa., for Ethanol Partners Accredited.

Peter J. Taylor, Pittsburgh, Pa., David B. Adams, Philadelphia, Pa., for Carl E. Wright and Wright, Herfordt & Sanders.

Abraham C. Reich, Philadelphia, Pa., for Linde, Thomson, Fairchild, Langworth, Kohn & Van Dyke, P.C., James O. Selzer.

Robert S. Clark, Salt Lake City, Utah, Lloyd R. Ziff, Philadelphia, Pa., for John P. Redd and J. Michael Redd.

James M. Kaplan, New York City, Margaret Sherry Lurio, Philadelphia, Pa., for Wiener, Zuckerbrot, Weiss & Brecher; Howell Bramson, Kenneth Zuckerbrot, Amy Melzer, Linda Lerner, Haver Porchenick & Co. and David Haver.

Alexander Kerr, Philadelphia, Pa., for Harold E. Card, Raymond Jallow, Ira Palmer, William H. Palmer.

Ira P. Tiger, Philadelphia, Pa., for Mormac Ltd., Henry McDonald.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court are defendants, Harold E. Card, Raymond Jallow, Ira Palmer and William H. Palmer's motion to dismiss, and defendants, John P. Redd and J. Michael Redd's motion to dismiss. The parties seek the dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and Fed.R. Civ.P. 12(b)(3) for improper venue.

Additionally, the two groups of defendants here each made motions to change venue. Both groups of moving defendants seek transfer to the Western District of Missouri and rely upon 28 U.S.C. § 1404(a) for authority for their position.

I turn first to defendants' argument that this court does not have subject matter jurisdiction. Defendants assert, *inter alia,* that the selling of the Ethanol plants by Midwestern and its subsidiaries does not constitute the selling of securities; additionally, defendants suggest that plaintiffs have not alleged that any of the defendants were involved in the subsequent sale by the plaintiffs of the limited partnership interests in the ethanol plants. A security is defined in the Securities Act of 1933 § 2(1), 15 U.S.C. § 77b(1) which states:

(1) The term 'security' means any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust cer-

tificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, or, in general, any interest or instrument commonly known as a 'security', or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

The Securities Exchange Act of 1934 also defines a security, and has been held to be virtually identical to the Securities Act of 1934. *Tcherepnin v. Knight,* 389 U.S. 332, 335–36, 88 S.Ct. 548, 552–53, 19 L.Ed.2d 564 (1967). Here plaintiff contends that the sale of the ethanol plants to the partnership and the subsequent sale of the limited partnership interest constitutes investment contracts. Indeed, under the Security Act of 1933, and the Securities Exchange Act of 1934, investment contracts are considered securities.

The Supreme Court in *Securities & Exchange Commission v. W.J. Howey Co.,* 328 U.S. 293, 298–99, 66 S.Ct. 1100, 1102–03, 90 L.Ed. 1244 (1946) observed: "an investment contract for purposes of the Securities Act means a contract, transaction or scheme whereby, [1] a person invests his money [2] in a common enterprise and [3] is led to expect profits solely from the efforts of the promotor or a third party...." Thus, this court must find all three prongs present for an investment contract transaction to come within the purview of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.,* and the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*

■ The general partners purchased six ethanol plants from Midwestern. The general partners and a subsidiary of Midwestern entered into an agreement which vested management and control of the ethanol plants with Midwestern and a subsidiary. Indeed, the result was that the partners would reap the profits of the plants without control over the plants. For the purpose of finding an investment contract, I do not find difficulty in finding that two prongs of the *Howey* test are met, namely the investment of money and the expectation of profits from the efforts of a third party. The finding of a "common enterprise" presents a problem for the plaintiffs here. The Third Circuit Court of Appeals in *Salcer v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 682 F.2d 459, 460 (3rd Cir.1982) required a finding of a "pooled group of funds" for a finding of a common enterprise under *Howey.* In *Wasnowic v. Chicago Board of Trade,* 352 F.Supp. 1066 (M.D.Pa.1972) *aff'd without opinion,* 491 F.2d 752 (3d Cir.1973), *cert. denied,* 416 U.S. 994, 94 S.Ct. 2407, 40 L.Ed.2d 773 (1974), the district court, for the purpose of finding whether an investment contract comes within the scope of the Securities Act, held that a discretionary trading account in commodities futures was not an investment contract because pooled investments had not been made such that each of the various investors did consolidate their investments and then shared the profits from the common funds.

In *Milnarik v. M-S Commodities,* 457 F.2d 274, 276–77 (7th Cir.1972) the court in searching for the meaning of a "common enterprise" held that although the defendant entered into various discretionary trading account contracts with various customers, the "success or failure of those other contracts had no direct impact on the profitability of plaintiffs' contract.... [Defendant's] various customers were represented by a common agent, but they were not joint participants in the same investment enterprise." Here the sale of the ethanol plants by Midwestern to the partnership cannot be viewed as an investment in a common enterprise since there has been no allegation that the investments were pooled with other investors. In accordance with *Howey* and *Salcer,* I find the sale of the ethanol plants to the partnership is not the sale of a security under the Securities Act of 1933 or the Securities Exchange Act of 1934.

The sale of the limited partnership interests by the general partners may be construed as the sale of securities, where the conveyance constitutes the sale of an investment contract. *McGreghar Land Company v. Meguiar*, 521 F.2d 822 (9th Cir.1975); *Kroungold v. Triester*, 407 F.Supp. 414 (E.D.Pa.1975). Here the sale by plaintiffs of the limited partnership interests constitute the sale of investment contracts since the three prongs set out in *Howey* are met. Accordingly, this portion of the action comes within the purview of the securities laws.

Defendants here contend that the plaintiffs have not alleged any connection between the sale of the limited partnership interests and the alleged frauds and misrepresentations defendants participated in to induce the sale of the ethanol plants to the general partners. After scrutinizing the complaint I find that the complaint does state that the alleged frauds committed by the defendants were used to defraud the limited partners. However, I do find serious fault in plaintiffs' allegations of fraud by the defendants here. Plaintiffs make conclusory allegations of fraud and misrepresentation against the whole group of defendants here. Plaintiffs make few distinctions in the various roles each of the defendants allegedly took in perpetuating the fraud. When fraud is pleaded, it must be done with particularity.[1] *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir.1972) ("[m]ere general allegations that there was fraud, corruption or conspiracy or character-izations of acts or conduct in these terms are not enough no matter how frequently repeated.") (*Quoting Chicago Title & Trust Co. v. Fox Theatres Corp.*, 182 F.Supp. 18, 31 (S.D.N.Y.1960)); *Kimmel v. Peterson*, 565 F.Supp. 476 (E.D.Pa.1983). Defendants here must be sufficiently apprised of the claim against them so that they may answer the complaint, and be informed as to what they are to defend against. Plaintiffs have failed to give the defendants here adequate notice of the purported frauds. Because of this deficiency in Count I, it will be dismissed with leave to amend.

Concerning the portion of the complaint which relies on the Securities Act of 1933, Section 17(a), defendants here contend that a private cause of action does not lie under this section. For the many reasons I set out in my Memorandum and Order No. I of June 27, 1985, 617 F.Supp. 301 (E.D.Pa.1985), I agree.

Next, I turn to defendants' claim that the Racketeer Influenced and Corrupt Organization (RICO) claim fails to state the predicate act convictions as well as specific RICO injury. In light of the recent Supreme Court decision in *Sedima, S.P.R.L. v. Imrex Company, Inc.*, —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) defendants' objections cannot stand.

However, relevant to the RICO claim, defendants here have contended that plaintiffs have failed to plead fraud with particularity in accordance with Fed.R. Civ.P. 9(b). Defendants contend that plain-

---

1. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1296 (1969 and Supplement 1985) and cases cited therein:

A variety of reasons have been advanced for requiring particularity in the pleading of fraud or mistake. It has been said that the requirement is necessary to safeguard potential defendants from lightly made claims charging commission of acts that involve some degree of moral turpitude. Allegations of fraud or mistake frequently are advanced only for their nuisance or settlement value and with little hope that they will be successful. Further, since assertions of fraud or mistake often are involved in attempts to reopen completed transactions ... courts are unwilling to entertain charges of this type unless they are based on allegations that are sufficient to show whether the alleged injustice is severe enough to warrant the risks and difficulties inherent in a re-examination of old and settled matters. Also, fraud and mistake embrace such a wide variety of potential conduct that a defendant needs a substantial amount of particularized information about plaintiff's claim in order to enable him to understand it and effectively prepare his response. Finally, as has been pointed out by the commentators, the old cliche that actions or defenses based upon fraud are disfavored and are scrutinized by the courts with great care because they often form the basis for "strike suits" still retains considerable vitality. *Id.* (footnotes omitted).

tiffs have made general allegations and in certain instances specific allegations against the group of defendants in this action. Because the group of defendants range, *inter alia*, from accounting firms for Midwestern, to consultants to plaintiffs concerning construction of the ethanol plants, to law firms who prepared the sales documents for the ethanol plants, general allegations of mail and wire fraud against the group do little to inform the defendants here as to what to defend against. The Tenth Circuit Court of Appeals in *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir.1982) discussed the particularity required in pleading mail and wire fraud in a RICO action stated:

> Although 'multiple incidents' of mail and wire fraud are alleged, and although racketeering activity includes mail and wire fraud, 18 U.S.C. § 1961(1), the complaints are said to lack the specificity required for pleadings of fraud under Fed.R.Civ.P. 9(b). We find some merit in this argument.

> Rule 9(b) requires that 'the circumstances constituting fraud ... be stated with particularity.' 'Circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.

*Id.* (footnotes omitted). *See also Chambers Development Company, Inc. v. Browning-Ferris Industries*, 590 F.Supp. 1528 (W.D.Pa.1984) (allegations of mail or wire fraud as a predicate act under RICO must state who mailed the material, when it was mailed, who made the wire communications, when they were made, and how it was fraudulent); *Eaby v. Richmond*, 561 F.Supp. 131 (E.D.Pa.1983) (when an allegation of mail fraud or conspiracy is made in a civil RICO claim, fraud must be pleaded with particularity).

The plaintiffs here have failed to particularize the various acts of fraud which they attribute to the defendants here. The plaintiffs fail to state "time, place and manner" of each of the defendants' fraudulent statements or actions. The plaintiffs here have used a "shotgun" approach in their pleading. This is not sufficient to meet the requirement of Fed.R.Civ.P. 9(b). Accordingly, I find that Count II lacks the requisite particularity to such an extent that the defendants have not been put on notice as to what to defend against. While dismissal of this count may be a harsh result, leave to amend will be granted so as to temper the harshness.

■ Count III which states a common law fraud action will be dismissed for lack of pleading with particularity in accordance with Fed.R.Civ.P. 9(b). Count IV sets out a common law conversion action; however, conversion requires a taking of one's property without authority. *See Cenna v. United States*, 402 F.2d 168 (3d Cir.1968); *Gottesfeld v. Mechanics and Traders Insurance Co.*, 196 Pa.Super. 109, 173 A.2d 763 (1961); *Benaquista v. Hardesty & Associates*, 20 D. & C.2d 227 (Allegheny 1959); W. Prosser, *Handbook of the Law of Torts*, § 15 at 81–85 (4th ed. 1971).

Here the only taking which can be ferreted out from plaintiffs' complaint is a conversion by a fraudulent taking. Restatement (Second) of Torts § 221 (1965). For the many reasons already stated above, fraud must be pleaded with particularity. Plaintiffs have failed to plead the taking by fraudulent means with particularity and, therefore, this count will be dismissed with leave to amend.

■ Turning to Counts V and VI, plaintiffs allege a common law conspiracy for breach of contractual obligations. Plaintiffs have alleged fraudulent behaviour by the defendants to effectuate the breaches. Plaintiffs have failed to plead with particularity and, therefore, failed to place defendants on notice as to what to defend against. For the many reasons already stated, these counts will be dismissed.

Because I have dismissed plaintiffs' complaint for failure to give proper notice to defendants here, I will dismiss without prejudice as moot defendants' motions to dismiss because of improper venue and for

change of venue. However, if plaintiffs do amend this complaint against these defendants, upon motion of the defendants here, the court will revive the motions to dismiss for improper venue and for change of venue.

An appropriate order follows.

## ORDER

AND NOW, this 13th day of September, 1985, for the reasons set forth in the foregoing Memorandum, it is ORDERED that:

1. Defendants Harold E. Card, Raymond Jallow, Ira Palmer and William H. Palmer's and defendants John P. Redd and J. Michael Redd's motions to dismiss for lack of subject matter jurisdiction are DENIED.

2. Defendants Harold E. Card, Raymond Jallow, Ira Palmer and William H. Palmer's and defendants John P. Redd and J. Michael Redd's motions to dismiss for failure to state a claim are DENIED.

3. Defendants Harold E. Card, Raymond Jallow, Ira Palmer and William H. Palmer's and defendants John P. Redd and J. Michael Redd's motions to dismiss for failure to allege fraud with particularity are GRANTED.

4. The plaintiffs will be granted twenty (20) days in which to file an amended complaint which alleges fraud against the instant defendants with sufficient particularity stating the time, place, subject matter of the fraudulent statements, and the individuals making such statements so that the defendants here are placed on sufficient notice of the allegations against them so that they may adequately prepare a defense.

5. Defendants Harold E. Card, Raymond Jallow, Ira Palmer and William H. Palmer's and defendants John P. Redd and J. Michael Redd's motions to dismiss for improper venue are DISMISSED AS MOOT. The defendants here will be permitted by motion to reinstate such motions if the plaintiffs file an amended complaint in accordance with this Order.

6. Defendants Harold E. Card, Raymond Jallow, Ira Palmer and William H. Palmer and defendants John P. Redd and J. Michael Redd's motions to change venue are DISMISSED AS MOOT. The defendants here will be permitted by motion to reinstate such motions if the plaintiffs file an amended complaint in accordance with this Order.