Joseph C. BURTON, Plaintiff,

v.

HEINOLD COMMODITIES, INC. and
C. Peerman Holland, III, Defendants.

Civ. A. No. 86–365–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 2, 1986.

Robert J. Haddad, Clark & Stant, P.C.,
Virginia Beach, Va., for plaintiff.

Arthur C. Ermlich, Norfolk, Va., for Holland.

William T. Prince, Williams, Worrell, Kelly & Greer, Norfolk, Va., for Heinold Commodities.

## OPINION AND ORDER

KELLAM, Senior District Judge.

Defendant Heinold Commodities, Inc. (Heinold) moves this court, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss a portion of Count 1, Count VI (RICO claim), and that portion of

the prayer of the complaint in which plaintiff "seeks $100,000.00, compensatory damages for the emotional and mental trama he suffered as a result of the above." (2d par. of the prayer).

## I.

Plaintiff alleges Heinold is a futures commission merchant pursuant to the Commodity Exchange Act (CEA) engaged in the business of trading and clearing for its own account and the account of others, contracts for the purchase and sale of commodities for future delivery; that plaintiff opened a commodity trading account with Heinold in June 1983; that plaintiff relied upon the expertise of Heinold in buying and selling commodities; that numerous transactions were made for the account of plaintiff, which by reason of its excessiveness, constituted "churning in violation of Rule 10b–5 of the Securities and Exchange Act (SEA) of 1934, 15 U.S.C. § 78(j)(b)," and §§ 2 and 4(b) of the CEA; and that the actions of Heinold establishes a scheme or artifice to defraud within the meaning of said SEA and CEA. Count II alleges Heinold made false statements concerning its ability as an expert, and enticed plaintiff to make trades to his detriment. Count III alleges a breach of a fiduciary relationship. Count IV alleges a failure of Heinold to supervise plaintiff's account. Count V alleges a failure of Heinold to supervise its agent and employee; Holland, who was handling plaintiff's account, in face of complaints resulting in losses to plaintiff. Count VI alleges a RICO claim. Count VII alleges Heinold failed to act with good faith. As a part of the prayer of the complaint, plaintiff seeks damages for emotional and mental trauma.

## II.

■ The issue here is whether the allegations, taken as true for the purpose of ruling on the motion, state a claim. The motion, as to Count I, challenges whether the complaint states a claim under Rule 10b–5. This contention is grounded in the contention that plaintiff's commodity futures trading account was not a security. That is, whether such account can be construed as a security or an "investment contract."

The term "security" is defined in 15 U.S.C. § 77b(1) in elaborate terms and need not be repeated here. The basic test for distinguishing the transaction from this commercial dealings is:

whether the scheme involves an investment in a common enterprise with profits to come solely from the efforts of others. *SEC v. W.J. Howey Co.,* 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244 (1946).

Following a quoting of the above from *Howey,* the court continued in *United Housing Foundation, Inc. v. Foreman,* 421 U.S. 837, 852, 95 S.Ct. 2051, 2060, 44 L.Ed.2d 621 (1975), saying that the touchstone "is the presence of an investment in a common venture premised on a reasonable expectation of profits from the entrepreneurial or managerial efforts of others." The Fourth Circuit in *Kosnoski v. Bruce,* 669 F.2d 944, 946 (4th Cir.1982) set forth that the Supreme Court in *Howey, supra,* said that an investment contract would be found under common law where a "scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others."

The first question is "whether a commodity account is a 'security' within the meaning of federal securities laws. We hold that it is not." *Salcer v. Merrill, Lynch, Pierce, Fenner and Smith, Inc.,* 682 F.2d 459, 460 (3rd Cir.1982). *Salcer* points out that in *Wasnowic v. Chicago Board of Trade,* 352 F.Supp. 1066 (M.D.Pa.1972), *aff'd without opinion,* 491 F.2d 752 (3rd Cir.1973), *cert. denied,* 416 U.S. 994 (1974), the court held that a commodity account does not meet the second part of the test set forth in *Howey, supra,* because such an account is not an investment in a common enterprise. Continuing in *Salcer,* the court said:

Here, as in *Wasnowic,* the investment made by Mr. Salcer was not a part of a pooled group of funds and thus does not

meet the second part of the *Howey* test. [page 460]

To the same effect, *Curran v. Merrill, Lynch, Pierce, Fenner and Smith,* 622 F.2d 216 (6th Cir.1980), *aff'd on other grounds,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982); *Hirk v. Agri-Research Council, Inc.,* 561 F.2d 96 (7th Cir.1977) and *Milnarik v. M–S Commodities, Inc.,* 457 F.2d 274 (7th Cir.1972), *cert. denied,* 409 U.S. 887, 93 S.Ct. 113, 34 L.Ed.2d 144. These cases have adopted the "horizontal approach," under which a pooling of investors' interests is essential to a finding of common enterprise. The Fifth Circuit has adopted a broad vertical approach, *Securities Exchange Commission v. Continental Commodities Corporation,* 497 F.2d 516 (5th Cir.1974), and the Ninth Circuit has adopted a narrow interpretation of the vertical approach. *Brodt v. Bache & Co., Inc.,* 595 F.2d 459, (9th Cir.1978); *Mordaunt v. Incomco,* 686 F.2d 815 (9th Cir. 1982), *cert. denied,* 469 U.S. 1115, 105 S.Ct. 801, 83 L.Ed.2d 793 (1985).

The allegations of the complaint do not bring the plaintiff's claim within the terms of an investment contract. In addition to the above cases holding that commodity futures contracts are not securities, *see Security Exchange Commission v. Commodity Options International, Inc.,* 553 F.2d 628 (9th Cir.1977); *Chipser v. Kohlmeyer & Co.,* 600 F.2d 1061 (5th Cir.1979); *Moody v. Bache & Co., Inc.,* 570 F.2d 523 (5th Cir.1978); *Securities Exchange Commission v. Contential Commodities Corp.,* 497 F.2d 516, 520 (5th Cir.1974); *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 465 F.Supp. 585, 589 (D.C.La.1979), *cause remanded,* 600 F.2d 1189 (5th Cir.1979); *Fischer v. Rosenthal & Co.,* 481 F.Supp. 53 (D.C.Tex.1979); *E.F. Hutton, Co., Inc. v. Schank,* 456 F.Supp. 507, 512 (D.C.Utah 1976); *Sinva, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 253 F.Supp. 359 (D.C.N.Y.1966); *Consolo v. Hornblower & Weeks-Hemphill, Moyes, Inc.,* 436 F.Supp. 447 (D.C.Ohio 1976); *Romnes v. Bache & Co., Inc.,* 439 F.Supp. 833, 839 (D.C.Wis.1977).

■ The definition of "security" under the Security Exchange Act of 1934 is quite broad, but Congress did not "intend to provide a broad federal remedy for all fraud." *Marine Bank v. Weaver,* 455 U.S. 551, 556, 102 S.Ct. 1220, 1223, 71 L.Ed.2d 409 (1982). The court pointed out in *Marine Bank* that it was unnecessary to subject issuers of bank certificates of deposit to liability under the antifraud provisions of the federal securities laws since the holders of bank certificates of deposits are abundantly protected under the federal banking laws. 455 U.S. at 559, 102 S.Ct. at 1225.

The same is equally true here, as purchasers and dealers in commodity futures are protected under CEA.

Heinold does not challenge the right of plaintiff to maintain an action under the provisions of the Commodities Exchange Act. The Supreme Court in *Merrill, Lynch, Pierce, Fenner & Smith v. Curran, supra,* held that there is an implied private right of action under CEA to assert claims for violation of provisions of the Act and for allegedly violating prohibitions against fraudulent and deceptive conduct.

Plaintiffs cause of action is therefore under CEA and not under SEA.

■ In Count VI plaintiff alleges that defendants violated 18 U.S.C. § 1962(c) of the RICO statute in that the conduct of defendants constituted a "pattern of racketeering activity;" that each used the mails or telephone to further the scheme to defraud; and that "Heinold constitutes an enterprise as contemplated by 18 U.S.C. § 1961, *et seq.*" In his reply brief filed herein, plaintiff asserts he intends to rely on 18 U.S.C. § 1962(a) as well as § 1962(c).

Defendant says that plaintiff's allegations that Heinold is both the "person" violating RICO and the "enterprise" through which the pattern of racketeering activity occurred, is fatal to his claim, as "person" and "enterprise" refer to separate entities, as used in the statute. " '[E]nterprise' was meant to refer to a being different from, not the same as or

part of, the person whose behavior the Act was designed to prohibit, and failing that, to punish." *United States v. Computer Science Corp.*, 689 F.2d 1181, 1190 (4th Cir.1982). *See also In Re Action Industries Tender Offer*, 572 F.Supp. 846 (E.D. Va.1983); *Witt v. South Carolina National Bank*, 613 F.Supp. 140, 143 (D.C.S.C. 1985); *Tryco Trucking Co., Inc. v. Belk Store Services, Inc.*, 608 F.Supp. 812 (D.C. N.C.1985) and *Umstead v. Durham Hosiery Mills, Inc.*, 592 F.Supp. 1269, 1270–71 (D.C.N.C.1984). Though plaintiff asserts that *Haroci v. American National Bank & Trust Co. of Chicago*, 747 F.2d 384 (7th Cir.1984) is to the contrary, we need not reach this question as this court is bound by the decisions of the Fourth Circuit.

■ Lastly, plaintiff seeks to recover $100,000.00 compensatory damages for emotional and mental trauma. Defendant says that plaintiff fails to delineate a cause of action or plead facts supporting his demand. True, Virginia does recognize the tort of intentional inflictions of emotional distress under certain circumstances. *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974).

However, the motion is well taken as the complaint does not contain the necessary allegations to support such a claim.

The motion to dismiss the claim in Count I under Rule 10b–5, 15 U.S.C. § 78j(b), Count VI, the RICO claim pursuant to 18 U.S.C. §§ 1962 and 1964, and the claim for damages for emotional and mental trauma are GRANTED, and such claims are DISMISSED.

Copy of this opinion and order is forwarded to counsel.