**Dale F. MEYER, on behalf of himself and all others similarly situated, Plaintiff/Appellant,**

v.

**THOMAS & McKINNON AUCHIN-CLOSS KOHLMEYER, INC., et al., Defendants/Appellees.**

No. 79–4323.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 14, 1980.

Submission Withdrawn March 25, 1981.

Resubmitted June 2, 1982.

Decided Sept. 9, 1982.

Thomas M. Boehm, Matthews & Marzulla, San Jose, Cal., for plaintiff/appellant.

Jeffrey Kirchman, San Francisco, Cal., Richard S. Burriss, Jones & Burriss, Mountain View, Cal., for defendants/appellees.

Before SKOPIL and POOLE, Circuit Judges, and HALBERT, Senior District Judge.[*]

POOLE, Circuit Judge.

Meyer appeals a summary judgment and dismissal of his complaint against UCA Systems, Inc. (UCA), a commodities advisor, Thomson McKinnon Securities, Inc. (Thomson), a securities and commodities brokerage firm formerly known as Thomson & McKinnon Auchincloss Kohlmeyer, Inc., and two individuals associated with those companies.

Thomson sold Meyer a discretionary commodities trading account that was to be managed by UCA. When the account proved unsuccessful, Meyer withdrew his funds. He later brought a complaint, as-

---

[*] The Honorable Sherrill Halbert, Senior United States District Judge for the Eastern District of California, sitting by designation.

serted as a class action, alleging that the accounts sold by Thomson and UCA to himself and other members of his putative class were securities under 15 U.S.C. § 77b, that these securities were not registered as required by 15 U.S.C. § 77e, and that Meyer and other members of the putative class were therefore entitled to rescission under 15 U.S.C. § 77l. Various other claims were raised whose validity depended upon a determination that the commodities accounts were "securities" under the federal securities law. The district court held that they were not. We affirm.

*Jurisdiction*

Appellees claim that the matter was not properly before the district court because jurisdiction over this action rests exclusively in the Commodities Exchange Commission. We have today decided that the district court retains jurisdiction over private actions arising out of commodities transactions. *Mordaunt v. Incomco,* 686 F.2d 815 (9th Cir. 1982). *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* —— U.S. ——, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982).

*"Securities"*

The sole question presented for review here is whether the discretionary commodities account sold to Meyer was an "investment contract" and therefore a "security" within the meaning of 15 U.S.C. § 77b. In order to constitute an investment contract, the account must be a "common enterprise." *SEC v. W. J. Howey Co.,* 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). This question is controlled by the holdings in *Mordaunt* and *Brodt v. Bache & Co.,* 595 F.2d 459 (9th Cir. 1978). In each case, this court has determined that discretionary commodities trading accounts were not common enterprises on facts indistinguishable from those presented here.

Meyer attempts to distinguish *Brodt* by drawing attention to the fee structure employed by UCA with respect to his account. UCA exacted a quarterly commission based upon a percentage of the assets managed in a given quarter, payable in advance and not refundable in the event that the investor closed his account before the quarter's end.

Meyer argues that by this arrangement UCA shared in his profits and losses and was therefore engaged in a common enterprise with him. We disagree. Plainly, just as in *Mordaunt* and *Brodt,* the promoter continued to profit through commissions even as the account lost money. On the other hand, had the account been successful, the promoter would not necessarily have shared the benefits because Meyer could elect to withdraw profits as they accrued. Judged in light of economic realities, this account was no different from those at issue in *Mordaunt* and *Brodt* and therefore does not qualify as a security within the meaning of 15 U.S.C. § 77b.

The judgment of the district court is AFFIRMED.