686 F.2d 815
 Fed. Sec. L. Rep. P 98,805
Monte R. MORDAUNT, an individual, and Dorothy Mordaunt, an
individual, Plaintiffs/Appellees,
v.
INCOMCO, a partnership, and Myron J. Smith and Phillip M.
Smith, general partners, Defendants/Appellants.
 No. 78-3499.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 14, 1980.
Submission Withdrawn March 25, 1981.
Resubmitted June 2, 1982.
Decided Sept. 9, 1982.
 
 Leonard Toboroff, Toboroff, Gottesman & Lovell, New York City, argued, for defendants/appellants; Donald J. Farley, Paul S. Penland, Moffatt, Thomas, Barrett & Blanton, Boise, Idaho, on brief.
 William F. Neilsen, Hamblen, Gilbert & Brooke, Spokane, Wash., for plaintiffs/appellees.
 Appeal from the United States District Court for the District of Idaho.
 Before SKOPIL and POOLE, Circuit Judges, and HALBERT*, Senior District Judge.
 POOLE, Circuit Judge.
 
 
 1
 Incomco, a partnership engaged in the brokerage of commodities futures contracts, and its two general partners[1] appeal a judgment of the district court awarding damages, interest and attorneys' fees to Monte and Dorothy Mordaunt.
 
 
 2
 The Mordaunts opened discretionary commodities trading accounts with Incomco. When their accounts proved unsuccessful, the Mordaunts withdrew their money. They then filed suit alleging violations of federal and state securities laws. After a bench trial, the district judge found that Incomco had violated federal and state securities laws and entered judgment for the Mordaunts. This appeal followed. We reverse.
 
 Jurisdiction
 
 3
 Incomco first argues that the district court lacked subject matter jurisdiction because the Commodities Exchange Act, 7 U.S.C. §§ 1-24, vests exclusive jurisdiction over actions arising out of "accounts, agreements ... and transactions involving contracts of sale of a commodity for future delivery" in the Commodities Futures Trading Commission. Id. § 2. We disagree. In Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran, the Supreme Court held that the 1974 amendments to the Commodities Exchange Act did not extinguish a private cause of action for persons injured by a violation of the act, a holding inconsistent with a finding that jurisdiction over the Mordaunts' claims rest exclusively in the Commission. --- U.S. ----, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982)."Securities"
 
 
 4
 The Mordaunts were entitled to prevail in the district court only if the discretionary comodities trading accounts they opened with Incomco were "investment contracts" and therefore "securities" within the meaning of 15 U.S.C. § 77b. Incomco argues that the district court erred in so holding. We agree. The district court did not have the guidance of our decision in Brodt v. Bache & Co., 595 F.2d 459 (9th Cir. 1978), filed after entry of judgment in this case. Brodt is dispositive and therefore the judgment of the district court must be reversed.
 
 
 5
 The district court held that discretionary commodities trading accounts are subject to regulation as "investment contracts" under 15 U.S.C. § 77b. An investment contract is defined as a "contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." SEC v. W. J. Howey Co., 328 U.S. 293, 298-99, 66 S.Ct. 1100, 1102-03, 90 L.Ed. 1244 (1946). See International Brotherhood of Teamsters v. Daniel, 439 U.S. 551, 558, 99 S.Ct. 790, 795-96, 58 L.Ed.2d 808 (1979). The element of this definition that will generally be absent from a commodities futures trading account is the requirement of a common enterprise.
 
 
 6
 A common enterprise is "one in which the 'fortunes of the investor are interwoven with and dependent upon the efforts and success of those seeking the investment or of third parties.' " Brodt v. Bache & Co., 595 F.2d at 460 (quoting SEC v. Glenn W. Turner Enterprises, 474 F.2d 476, 482 n.7 (9th Cir.), cert. denied, 414 U.S. 821, 94 S.Ct. 117, 38 L.Ed.2d 53 (1973)). Some courts require a pooling of investments, termed horizontal commonality, in order to have a common enterprise. E.g., Hirk v. Agri-Research Council, Inc., 561 F.2d 96, 101 (7th Cir. 1977). This circuit, however, requires only vertical commonality: that the investor and the promoter be engaged in a common enterprise. Brodt v. Bache & Co., 595 F.2d at 460-461; Hector v. Wiens, 533 F.2d 429, 433 (9th Cir. 1976).
 
 
 7
 In Brodt, this court rejected a claim that a discretionary commodities trading account constituted a common enterprise under circumstances that we find undistinguishable from those of this case. We stated:
 
 
 8
 (T)he success or failure of Bache as a brokerage house does not correlate with individual investor profit or loss. On the contrary, Bache could reap large commissions for itself and be characterized as successful, while the individual accounts could be wiped out. Here, strong efforts by Bache will not guarantee a return nor will Bache's success necessarily mean a corresponding success for Brodt. Weak efforts or failure by Bache will deprive Brodt of potential gains but will not necessarily mean that he will suffer serious losses. Thus, since there is no direct correlation on either the success or failure side, we hold that there is no common enterprise between Bache and Brodt.
 
 
 9
 595 F.2d at 461. "Merely furnishing investment counsel to another for a commission, even when done by way of a discretionary commodities account, does not amount to a 'common enterprise'." Id. at 462.
 
 
 10
 The Mordaunts argue that vertical commonality exists by reason of the fact that the success or failure of the investments collectively is essentially dependent upon promoter expertise. This contention, based on the reasoning in SEC v. Continental Commodities Corp., 497 F.2d 516 (5th Cir. 1974), was considered and rejected in Brodt. Under Brodt, there is no common enterprise unless there is some direct relation between the success or failure of the promoter and that of his investors. In this case, as in Brodt, such direct relation is lacking. Incomco earned commissions totalling $20,190.00 on the Mordaunts' accounts during the period in which the Mordaunts' collective losses amounted to $27,385.03.
 
 
 11
 In sum, these discretionary commodities trading accounts do not constitute common enterprises, and therefore are not securities under 15 U.S.C. § 77b. Accordingly, the judgment of the district court is REVERSED.
 
 
 
 *
 The Honorable Sherrill Halbert, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 [1]
 Hereinafter, all appellants will be referred to as "Incomco."