776 F.2d 923
 54 USLW 2286, Fed. Sec. L. Rep. P 92,368
 Gene McGILL, Plaintiff-Appellant,
v.
AMERICAN LAND & EXPLORATION COMPANY, a Delaware corporation;
Steve Holsey, an individual; Commercial Funding
Corporation, an Oklahoma corporation; Glen P. Vance, an
individual; Jesse J. Arevelos, Jr., an individual; and
William F. Probst, an individual, Defendants-Appellees.
 No. 84-1932.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 12, 1985.
 
 James C. Garland, Frasier & Frasier, Tulsa, Okl., for plaintiff-appellant.
 Bill J. English, English, Patten and Rife, Norman, Okl., for defendants-appellees American Land & Exploration Co. and Steve Holsey.
 Warren F. Bickford, IV and Eric S. Eissenstat, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., for defendants-appellees Commercial Funding Corp. and Glen P. Vance.
 Frank Miskovsky, III, Oklahoma City, Okl., for defendants-appellees William F. Probst and Jesse J. Arevelos, Jr.
 Before SEYMOUR, SETH and DOYLE, Circuit Judges.
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a case which was disposed of by the trial court without a trial as the result of a filing of a motion for summary judgment. The plaintiff herein is Gene McGill. McGill was approached by the defendant Glen P. Vance, on behalf of a corporation of the defendant called the Commercial Funding Corporation. He presented to McGill a business proposal which he represented to be a sure-fire investment. Vance and Commercial Funding sought to have McGill invest $80,000 in a joint venture. This was purported to be for the development of the Whispering Hills Subdivision which is located near Duncan, Oklahoma. The defendants represented to McGill that the joint venture was risk-free, since defendant American Land & Exploration Company and its chief stockholder, defendant Steve Holsey, had theretofore agreed to purchase all lots in the subdivision after the joint venture completed certain agreed-upon improvements at the price of $9,800 per lot.
 
 
 3
 McGill, to all intents and purposes, accepted the invitation and invested $80,000 in the Whispering Hills joint venture. Unfortunately, there was a lack of development as the result of which the company never became an active one. Meanwhile, McGill, believing that the promoters had falsely told him that the joint venture would be completed quickly when in fact they never intended that the subdivision actually be developed, filed a civil suit in the United States District Court for the Western District of Oklahoma against Commercial Financing Corporation, three of its officers, Glen P. Vance, Jesse J. Arevelos, Jr., and William F. Probst, and American Land & Exploration Company. Another defendant was Steve Holsey. He was the chief stockholder in American Land & Exploration Company. In his complaint McGill alleged that the defendants had misrepresented certain material facts concerning the joint venture in its presentation to him, and that those misrepresentations violated Sections 12(1) and 12(2) of the Securities Act of 1933 (15 U.S.C. Secs. 77l (1) and (2) ), Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. Sec. 78j(b) ), and SEC Rule 10b-5 (17 C.F.R. Sec. 240.10b-5). Plaintiff also alleged that the defendants' conduct constituted a pattern of "racketeering activity" which was violative of the Racketeer Influenced and Corrupt Organizations ("RICO") Act (18 U.S.C. Secs. 1961-1968). McGill also alleged that the defendants' conduct gave rise to pendent claims under several Oklahoma statutes.
 
 
 4
 In motions of the defendants it was set forth that the complaint should be dismissed. The United States District Court treated the motions to dismiss as motions for summary judgment. It considered evidentiary matter in disposing of them, see Fed.R.Civ.P. 12(b), and granted the defendants' motions. It applied the test for the existence of a "security" that the Supreme Court set forth in S.E.C. v. W.J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946),[1] and held that the joint venture agreement just referred to did not constitute a "security" because it did not give rise to a "common enterprise" involving the plaintiff and the defendants. The district court found the supposed non-existence of a "security" was determinative of all of McGill's federal claims, and on that basis dismissed all of them without taking any evidence or hearing witnesses or argument. It declined to exercise pendent jurisdiction over McGill's Oklahoma state law claims.
 
 
 5
 The question is whether the district court erred in its finding that the joint venture agreement failed to give rise to a "common enterprise" which involved the plaintiff and the several defendants. It is our view that it did constitute a "common enterprise." The conclusion is that the cause must be reversed and must be remanded to the district court for further proceedings.
 
 
 6
 The district court was governed entirely on the basis that no "security" existed in this case upon the premise that "horizontal commonality"--that is, a pooling of funds received by a promoter from multiple investors--is required before there can be a "common enterprise" within the meaning of the Howey test. The lower court derived this premise from cases decided by several other courts of appeal. See Salcer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 682 F.2d 459 (3d Cir.1982); Curran v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 622 F.2d 216 (6th Cir.1980), aff'd on other grounds, 456 U.S. 353, 102 S.Ct. 1825, 73 L.Ed.2d 182 (1982); Milnarik v. M-S Commodities, 457 F.2d 274 (7th Cir.), cert. denied, 409 U.S. 887, 93 S.Ct. 113, 34 L.Ed.2d 144 (1972).[2]
 
 
 7
 The rigid "horizontal commonality" requirement that the district court imposed has never been a part of the law of this circuit. Instead, when this court has applied the Howey test to determine whether a "common enterprise" and a "security" exist in a particular case, it has followed the Supreme Court's direction, found in Tcherepnin v. Knight, 389 U.S. 332, 336, 88 S.Ct. 548, 553, 19 L.Ed.2d 564 (1967), that it determine the "economic reality" of the transactions that occurred.[3]
 
 
 8
 The Supreme Court's opinion in the Howey case contemplates that we determine the economic reality of the transaction that occurred. In other words, the Howey doctrine does not go completely across the board and pick up everything that does not comply with its view of the situation.
 
 
 9
 If the law of the Tenth Circuit comes into play and a transaction is purely commercial in nature (for example, a commercial loan or a sale of assets), then it does not give rise to a "common enterprise" or a "security." If, on the other hand, a transaction is in reality an investment (that is, a transaction of a type in which stock is often given), then it creates a "common enterprise" and gives rise to a "security" falling within the ambit of the 1933 and 1934 Securities Acts. See McGovern Plaza Joint Venture v. First of Denver Mortgage Investors, 562 F.2d 645, 647 (10th Cir.1977).
 
 
 10
 The fact that the transaction is an illegal one in that it bilks the plaintiff out of all of his money surely does not provide a basis for a conclusion that this is not governed by the Securities and Exchange Commission and it surely does not withdraw all the protection which the SEC provides. It is unquestionable that this transaction involves an alleged securities fraud. As a matter of fact, it is a transaction of a type which creates a common enterprise within the ambit of the 1933 and 1934 Securities Acts.
 
 
 11
 When the law of this circuit is observed and examined and the economic reality of the transaction here involved is pursued we can see that the transaction was an investment giving rise to a "common enterprise" within the meaning of the Howey test. Plaintiff McGill invested $80,000 in the Whispering Hills joint venture with the expectation that he would obtain a share of the profits from his investment. Instead of that he failed to obtain profit or any other value. The joint venture was to be liquidated and at that time, McGill was to recoup his original investment and, in addition, receive half of any profits that had been derived from the joint venture's operations. This transaction was clearly not a commercial loan, for if it were, McGill would have received a specified rate of return on his $80,000 and would not have been eligible to participate in any operating profits that might have been derived from the venture. It was not to be a purely commercial purchase of assets, for the reason that McGill purchased the right to participate in the joint venture's operating profits, not merely the right to enjoy capital appreciation on certain tangible assets. The transaction was simply an investment by McGill of money in an ongoing business, with the expectation that he would receive profits if the joint venture's business operations were successful. Common sense tells us that McGill joined in a "common enterprise" and not one that was held out to him as being subject to reselling to others and cheating him out of the money that he had come forward with.[4] The lack of "horizontal commonality" between McGill and any other investors cannot obscure the economic reality of the situation and the existence of a "common enterprise" within the meaning of the Howey test.
 
 
 12
 In summary, we hold that the investment scheme in this case satisfies the "common enterprise" requirement of the Supreme Court's Howey test for the existence of a "security." Thus we determine that the district court's grant of summary judgment should be reversed and remand the case to the district court for further proceedings which are consistent with this opinion.[5]
 
 
 
 [1]
 The Supreme Court held that any investment contract can constitute a "security" if it involves (1) an investment of money (2) in a common enterprise (3) with the expectation of profit to be derived solely from the efforts of others. Howey, 328 U.S. at 298-99, 66 S.Ct. at 1102-03
 
 
 [2]
 The Supreme Court has never decided whether "horizontal commonality" is required before a joint venture can constitute a "common enterprise," and there is a split in authority among the circuits on the question. See Mordaunt v. Incomco, --- U.S. ----, 105 S.Ct. 801, 83 L.Ed.2d 793 (1985) (White, J., dissenting from denial of certiorari)
 
 
 [3]
 The Fifth, Eighth and Ninth Circuits have used an approach similar to ours in analyzing "common enterprise" questions. See, e.g., Meyer v. Thomas & McKinnon Auchincloss Kohlmeyer, Inc., 686 F.2d 818 (9th Cir.1982), cert. denied, 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 495 (1983); S.E.C. v. Continental Commodities Corp., 497 F.2d 516 (5th Cir.1974); cf. Booth v. Peavey Co. Commodities Services, 430 F.2d 132 (8th Cir.1970)
 
 
 [4]
 Our common sense conclusion that there was a "common enterprise" is buttressed by the language of the joint venture agreement, which provides, inter alia:
 ... [Commercial Funding Corporation] and [Gene McGill] desire to become associated in business for the development and sale of lots in the heretofore mentioned WHISPERING HILLS SUBDIVISION to Duncan, Oklahoma.
 
 
 [5]
 We note that there are still some facets of the defendants' motions for summary judgment upon which the district court has not passed. We reiterate the teachings of our past cases that summary judgment is a drastic remedy that should be granted only with caution. Redhouse v. Quality Ford Sales, Inc., 511 F.2d 230, 234 (10th Cir.1975). Pleadings and documentary evidence must be liberally construed in favor of the party opposing the motion, id.; see also Thomas v. United States Dep't. of Energy, 719 F.2d 342, 344 (10th Cir.1983), and if the facts support an inference that would permit the non-movant to prevail, summary judgment is inappropriate, Thomas, 719 F.2d at 344
 We observe, for example, that in his brief on common enterprise, plaintiff McGill buttressed his assertion that the defendants had engaged in fraudulent conduct by alleging that the defendants had sold yet another 50% interest in the Whispering Hills development to Mr. and Mrs. Russell Gamble of Taloga, Oklahoma. This allegation provides strong support for McGill's claim of securities fraud, and it is precisely the sort of allegation that should be resolved by a trial, and not by summary judgment.